IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **DEMETRIUS DAMON NELSON,** <br><br> Defendant. | Case No. 7:20-CR-19 (HL) |

# ORDER

Before the Court is Defendant Demetrius Damon Nelson's Motion to Dismiss Count Two of Indictment. (Doc. 36). The parties appeared before the Court for a hearing on April 5, 2022. For the reasons addressed at the hearing, and as set forth herein, the Court **GRANTS** Defendant's motion and **DISMISSES** Count Two of the indictment.

**I.  BACKGROUND**

On June 17, 2020, a grand jury in this district returned an indictment charging Defendant with two counts of Motor Vehicle Theft, in violation of 18 U.S.C. § 2119(1). The indictment accuses Defendant of participating in two carjackings, one on June 29, 2019, and one on June 30, 2019. The Government did not move to bring Defendant into the jurisdiction of the Court until April 6, 2021. The Court appointed the Federal Defenders of the Middle District of Georgia, Inc. to represent Defendant on April 8, 2021. Attorney Kelly M. Sullivan filed her notice of appearance that same date.

Defendant appeared before United States Magistrate Judge Thomas Q. Langstaff on April 13, 2021, for his initial appearance and arraignment, where he entered a plea of not guilty. Judge Langstaff entered the Court's Standard Pretrial Order on April 13, 2021, directing the Government to provide Defendant with discovery materials on or before May 13, 2021.

On April 8, 2021, Defendant filed his request for discovery. In that request, Defendant asked for, in pertinent part:

> All evidence favorable to the defendant which is material either to the issue of guilt or punishment in the above referenced case or which serves to impeach a government witness who will testify at trial.

The Government provided a single disk containing its initial discovery on May 3, 2021. On May 7, 2021, defense counsel contacted the Government to inquire about missing pages and folders within the discovery provided. Specifically, defense counsel sought surveillance footage of the carjacking alleged in Count Two, which two lay witnesses purportedly viewed and identified Defendant as the perpetrator.[1] Defense counsel received no response from the Government. Counsel followed up with the Government on December 8, 2021 by email and later that week by telephone. The Government did not provide supplemental discovery until February 17, 2022. This new batch of materials included body camera footage and recorded witness interviews previously not produced. However, the Government still did not provide the missing surveillance video.

---

[1] According to Defendant, both witnesses later recanted.

On March 24, 2022, Michael Simpkins, another attorney with the Federal Defender's office, appeared as counsel at Defendant's pretrial conference as Ms. Sullivan was in quarantine following a trip out of the country. Mr. Simpkins informed the Court that the surveillance video had not been produced and requested that the Court continue trial of this case until the Government provided the video and defense counsel had the opportunity to conduct any necessary follow up investigation. The Court denied Defendant's motion to continue and instructed the Government to produce any missing discovery.

Having still not received the requested video footage, defense counsel filed the present motion on March 28, 2022, seeking dismissal of Count Two of the indictment. Approximately twenty minutes after counsel filed the motion, the Government finally turned over the missing video.

## II.   DISCUSSION

Defendant moves the Court to dismiss Count Two of the indictment as a sanction for the Government's willful failure to provide discovery pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Standard Pretrial Order issued by this Court on April 13, 2021. The Government does not deny its dereliction in providing the requested discovery materials. However, the Government contends that dismissal is not warranted because Defendant cannot establish a *Brady* violation since the surveillance video is not, in the Government's estimation, favorable to Defendant and because the Government provided other

3

evidence relating to the allegations contained in Count Two, including police reports and witness statements. The Court finds the Government's arguments unavailing.

"Relief for violation of discovery rules lies within the discretion of the trial court." *United States v. Rodriguez*, 799 F.2d 649, 652 (1986); *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979).[2] Under Federal Rule of Criminal Procedure 16(d)(2), "the district court [has] the power to enforce its discovery orders." *United States v. Turner*, 871 F.2d 1574, 1580 (1989). When a party fails to comply with a discovery order, the district court "may order such party to permit the discovery or inspection, grant a continuance or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." *United States v. Fernandez*, 780 F.2d 1573, 1576 (1984) (citing Fed. R. Crim. P. 16(d)(2)). In exercising its discretion, the court must consider several factors, and "if it decides a sanction is in order should impose the least severe sanction that will accomplish the desired result." *Fernandez*, 780 F.2d at 1576 (citing *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982) (punctuation omitted)).[3]

---

[2] The Eleventh Circuit, in *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3] Unit B decisions of the former Fifth Circuit rendered after September 30, 1981, are binding precedent in this circuit. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

Among the factors the court must consider are (1) the reasons for the Government's delay in affording the required discovery; (2) the extent of prejudice the delay caused the defendant; (3) the feasibility of curing such prejudice by granting a continuance; and (4) whether the prosecutor acted in bad faith violating the discovery order. *Fernandez*, 780 F.2d at 1576; *see also United States v. Euceda-Hernandez*, 768 F.2d 1307, 1312 (11th Cir. 1985); *United States v. Soto*, 711 F.2d 1558, 1563 n.10 (11th Cir. 1983).

As established at the April 5th hearing, there is no question that the Government neglected its duty to provide discovery. Defendant identified missing items of discovery as early as May 7, 2021. Defendant immediately contacted the Government and requested the missing items. The Government did not respond. Defendant then made numerous additional efforts to obtain the missing surveillance video footage from the Government. The Government provided other previously undisclosed materials to Defendant on February 17, 2022, just a few weeks before the pre-trial conference scheduled in this case. Even then, the Government did not produce the surveillance video sought by Defendant. It was only when Defendant filed a motion to dismiss Count Two that the Government finally acquiesced. The Court finds the Government's conduct unsatisfactory.

The Court further is not swayed by the Government's contention that Defendant was aware of the surveillance video and could easily have obtained the footage through other means, including a Freedom of Information Act request directed to the producer of the video. The Court strongly disagrees with the

Government's position. It is the Government's obligation to produce all discovery materials within its custody and control. The Government had the subject materials in its possession at least since the Government presented this case to the grand jury in June 2020. The Government has offered no reasonable explanation for not producing the video to Defendant in a timely manner beyond the excuse of a support staff oversight.

Under the circumstances presented, the Court concludes that while the Government's conduct does not rise to the level of bad faith, it comes close. The Government's actions certainly were willful. Defendant identified the missing surveillance video very early in this case and repeatedly requested its production. Why the Government did not produce a video that admittedly was in its custody still is not apparent to the Court. What is clear is that Defendant has been prejudiced by the delay and that simply continuing the trial is not sufficient to cure the prejudice. Therefore, as announced by the Court at the conclusion of the hearing of this matter, the Court **GRANTS** Defendant's motion and **DISMISSES** Count Two of the indictment.

**SO ORDERED,** this 8th day of April, 2022.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, SENIOR JUDGE**